[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTIONS TO MODIFY AND CLARIFY (#129 #140); DEFENDANT'S MOTION FOR HEARING AND RULING (#138)
Initially the undersigned was of the opinion that the CT Page 2528 provisions of section 51-183b, Connecticut General Statutes applied to the hearing on the motions of the parties. After written communication from the undersigned the parties agreed to a new hearing. A date was set and a continuance granted to the defendant. Two days before the second hearing date, the defendant sent a faxed communication changing her position and requesting a mistrial. Accordingly I have reviewed my original decision and have decided that section 51-183b does not apply. The request for a mistrial is denied and the following decision is issued.
 I.
With respect to plaintiff's motion, the first question relates to Jennifer's one week of vacation with her father and his wife during the months of July or August. The plaintiff alleges that the defendant claims that it is not clear that the child would have to sleep over during this week. The defendant, however, in her motion specifically requests the court to rule that the child be not required to spend overnight visits with the plaintiff.
In paragraph 3 of her motion the defendant recites that she "sees no mention in the above order that Jennifer must choose to spend the entire week." It is not customary, so far as I know, to include a specific order for overnight stays during any extended period of visitation with a parent. The contrary might very well be true. If overnight visitation during such an extended period were not to be included then this would ordinarily be stated as such. It is a most cumbersome and impractical arrangement to have to pick up and return the child on a daily basis. It would appear also to be most disruptive of the child's routine; this constant getting up each morning to get ready and then terminating the evening activity to return home. It was never the intention of the court to exclude overnight visitation with the plaintiff during the one week period of visitation in a two month period of July and August of each year. This would be consistent with what would ordinarily be considered a one week's vacation visitation during the summer months.
During the last hearing no credible evidence was produced by either party setting forth any acts of violence of any improper conduct on the part of the plaintiff or his wife towards the child, Jennifer. The defendant's point of view was simply that Jennifer did not wish to sleep over. However, the court had requested the Family Relations Division to conduct a follow-up investigation and submit a report. This report, signed by George Manning, Supervisor and Mary Jenkins, Family Relations Counselor recommended that "each child shall separately have one week of vacation with the father; and that "out of state travel shall be permitted." In addition the report specifically provided for CT Page 2529 notice to be given to the defendant — mother as follows:
 "On overnight, weekend and summer vacation, the father shall provide in writing to the mother one week in advance the phone number where the child may be reached in emergency."
In the report there is no reference to the child returning home to the mother each day during any period in which an overnight would ensue unless specifically prohibited. This the court did not do in its memorandum of decision filed in the clerk's office on July 28, 1989.
It is, therefore, the ruling of the court, after hearing both sides, that the order of the court contained in paragraph 3, page 16, of the Memorandum of Decision of July 28, 1989 should remain as stated.
It is further ruling of the court that said order contemplates overnight visitation for each child during the period of one week.
The question of out of state visitation was originally not covered by the court until more time had elapsed and until Family Relations Division had another opportunity to intervene. Time went by and Family Relations conducted new interviews with each minor child and a mediation with the parties and then made recommendations to the court. As recited above a favorable recommendation was made regarding out of state travel. The demands of the plaintiff in this regard are not unreasonable. The concerns and fears of the defendant are not unusual except as they refer and relate to unnecessary or improper interference with the custodial parent's authority or the undermining thereof. Out of state travel to a limited extent on a distance or time factor would not encroach upon or undermine such custodial authority. This latter consideration appeared to the undersigned to be the real primary concern of the defendant. These out of state visits were had at an earlier period. There has been too much concern without adequate evidentiary proof. The defendant herself concedes that there is no fear of a kidnapping here. As to the additional five reasons specifically set forth in the defendant's motion, again there is insufficient basis to deny out of state visitation. It need not be supported upon the express permission of the custodial parent. Where, as here, there remains strong and opposing feelings, the requirement of permission could readily create more problems.
There is need for modification to expressly provide for out of state visitation when Jennifer visits with her father. As always any such orders must be guided by a consideration of the CT Page 2530 best interests of the child.
Accordingly the following orders modifying the original visitation orders are issued:
1. The plaintiff is authorized to go out of state with either child during his periods of visitation with the following orders of limitations:
 a. Out of state visits shall include visits to the following states only: Connecticut, Massachusetts, New York and Rhode Island; and
 b. The visits shall be daily visits only and shall not exceed a distance of one hundred and fifty miles one way. There shall be no overnight visitation; and
 c. On the day of an out of state visit, the plaintiff shall before departing with the child, have the child call her mother to tell her of the destination for that day.
 d. If for any reason the child shall require medical attention on any such visit, the plaintiff shall take immediate steps to secure the same. The plaintiff shall arrange for telephone communication by the medical authority involved to the defendant as soon as the attention and any assistance is completed. He shall not wait to return to Connecticut.
John Ottaviano, Jr. State Trial Referee